**Kulwant Kaur DHALIWAL, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–72000.

Agency No. A75–252–512.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.\*\*

Decided April 4, 2005.

Earle A. Sylva, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Rena I. Curtis, John C. Cunningham, U.S. Department of Justice

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, TROTT and PAEZ, Circuit Judges.

MEMORANDUM***

Kulwant Kaur Dhaliwal, a Sikh native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's denial of her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *See Garrovillas v. INS,* 156 F.3d 1010, 1013 (9th Cir.1998). We grant in part and deny in part.

■ Substantial evidence does not support the BIA's determination that changed country conditions rebut Dhaliwal's presumption of a well-founded fear of future persecution. The BIA's conclusory statements that conditions have improved in India do not constitute an "individualized analysis," which is required to refute a presumption of well-founded fear. *See Gui v. INS,* 280 F.3d 1217, 1229 (9th Cir. 2002). Accordingly, we conclude that Dhaliwal is statutorily eligible for asylum, and we remand for the Attorney General to exercise discretion with regard to the asylum claim. *See id.* at 1230.

■ Although Dhaliwal's fear of persecution is well-founded, the record does not demonstrate that it is more likely than not that she will be persecuted if returned to India. *See id.* We therefore deny the petition on the withholding of removal claim.

We do not consider Dhaliwal's contention that she is entitled to relief under the CAT because she failed to exhaust this issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

**GRANTED and REMANDED in part, DENIED in part.**

***This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

